HARRY D. WETHLING, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF ORANGE ET AL., RESPONDENTS.

Argued November 5, 1919—Decided February 21, 1920.

1. Sections 17 and 16 (*b*) of the Walsh act (*Pamph. L.* 1911, *p.* 462; *1st Supp. Comp. Stat.*, *pp.* 1112, 1113) were superseded or repealed by section 24 of article 37 of the Home Rule act (*Pamph. L.* 1917, *p.* 461), in so far as the former dealt with the subject-matter covered by the latter. namely. the operation, suspension and referendum to the voters, of ordinances authorizing any improvement or the incurring of any indebtedness.

2. A certificate of the city clerk that a petition "is signed by over *fifteen per cent. of the qualified voters* of the ci'y" is not "conclusive" nor effective for the purposes of section 24 of article 37 of the Home Rule act (*Pamph. L.* 1917, *p.* 461), which provides that ordinances of a class therein specified shall become operative ten days after the publication thereof after final passage, unless within said ten days a protest be filed, "signed by *taxpayers representing ten per centum in amount of the assessed valuation of such municipality,*" and that the certificate of the clerk as to "the sufficiency of any protest or protests shall be conclusive for the purposes of this section."

3. A contract for an improvement is not rendered invalid by the mere fact that the resolution directing the advertisement for bids (pursuant to which the contract was awarded) was passed by the city commissioners before the expiration of ten days after the publication of the ordinance (authorizing the improvement) after its final passage, and hence, while the ordinance was inoperative under section 24, article 37 of the Home Rule act (*Pamph. L.* 1917, *p.* 461), it appearing that the date fixed in the advertisement for bids was after the ordinance became operative under the provisions of that act.

On *certiorari*, &c.

Before Justices TRENCHARD and BERGEN.

For the prosecutor, *Herbert Boggs.*

For the board of commissioners of the city of Orange, *Arthur B. Seymour.*

For the Northern Construction Company, *Riker & Riker.*

The opinion of the court was delivered by

TRENCHARD, J. The prosecutor seeks to set aside a contract entered into between the board of commissioners of Orange and the Northern Construction Company for the re-improvement of a part of Centre street in that city, and this writ brings up for review that contract and all proceedings leading up to it.

We are of the opinion that the contract is valid.

The first contention of the prosecutor is that the ordinance providing for the improvement did not take effect because a petition signed by fifteen per cent. of the electors of the city, protesting against the passage of the ordinance, was presented to the board of commissioners within ten days after its passage.

But that contention is unsound.

It is true that the city had adopted the so-called Walsh act (*Pamph. L.* 1911, *p.* 462; *1st Sup. Comp. Stat., p.* 1087), and no doubt such petition was presented under the supposed authority of sections 17 and 16(*b*) of that act (*1st Sup. Comp. Stat., pp.* 1112, 1113), the pertinent parts of which are as follows:

"Sec. 17. *No ordinance,* * * * except when otherwise required by the general laws of the state or by the provisions of this act, except an ordinance for the immediate preservation of the public peace, health or safety, * * * *shall go into effect before ten days from the time of its final passage; and if* during said ten days *a petition signed by electors* of the city *equal in number to at least fifteen per centum of the entire vote* cast at the last preceding general municipal election. *protesting against the passage* of such ordinance, *be presented* to the board of commissioners, *the same shall* thereupon *be suspended* from going into operation, *and it shall be the duty of the board* of commissioners *to reconsider such ordinance; and if* the same is *not entirely repealed, the board* of commissioners *shall submit the ordinance,* as is provided by sub-section b of section sixteen of this act, *to the vote of the electors* of the city, either at the general election

or at a special municipal election to be called for that purpose; *and such ordinance shall not go into effect* or become operative *unless a majority* of the qualified electors voting on the same *shall vote in favor thereof.*"

"Sec. 16(b). Forthwith, after the clerk shall attach to the petition accompanying such ordinance his certificate of sufficiency, the board of commissioners shall call a special election, unless a general municipal election is fixed within ninety days thereafter, and at such special or general municipal election, if one is so fixed, such ordinance shall be submitted without alteration to the vote of the electors of the city."

But those sections of the Walsh act in so far as they relate to the operation, suspension, and referendum to the voters, of ordinances authorizing any improvement or the incurring of any indebtedness, have been superseded or repealed by section 24 of article 37 of the so-called Home Rule act (*Pamph. L.* 1917, *p.* 461) the pertinent part of which is as follows:

"Sec. 24. *Any ordinance authorizing any improvement or* the incurring of any *indebtedness,* excepting for current expenses, *shall become operative ten days after the publication thereof after its final passage, unless within said ten days a protest* or protests *against making such improvement* or the incurring of such *indebtedness shall be filed* in the office of the clerk of such municipality *signed by taxpayers representing ten per centum* in amount *of the assessed valuation of such municipality,* whose names appear on the last preceding assessment roll thereof, *in which case such ordinance shall remain inoperative until* a proposition for *the ratification thereof* shall be adopted at an election to be held for that purpose *by a majority of the* qualified *voters* of such municipality voting on such proposition. The certificate of the clerk of the municipality filed in his office as to the filing or sufficiency of any protest or protests shall be conclusive for the purpose of this section. * * * Any proposition submitted to the voters of any municipality under the pro-

visions of this act shall be voted upon at the next general election held in the municipality at least thirty days after the filing of the protest or protests herein provided for, unless the governing body thereof shall call a special election therefor."

It will be seen that this section of the Home Rule act covers in detail the subject-matter of the operation, suspension, and referendum to the voters, of ordinances of the class with which it deals and is inconsistent with and repugnant to sections 17 and 16(*b*) of the Walsh act covering the same subject-matter; and that the former superseded or repealed the latter *pro tanto* was decided by this court in *Bayonne* v. *Garven,* 41 *N. J. L. J.* 269.

It is next contended that even so, yet the certificate of the city clerk as to the sufficiency of the protest was "conclusive" under section 24 of article 37 of the Home Rule act (*Pamph. L.* 1917, *p.* 461) in view of its provision that "the certificate of the clerk of the municipality filed in his office as to the filing or sufficiency of any protest or protests shall be conclusive for the purposes of this section." But that is not so. The certificate was not made, and did not purport to be made under the Home Rule act. It was made under the section of the Walsh act which, as we have seen, had been superseded or repealed. The certificate states that the petition "is signed by over *fifteen per cent. of the qualified voters* of the city of Orange and is sufficient under the act." It was therefore not "conclusive" nor effective for the purposes of section 24 of article 37 of the Home Rule act, which provides that ordinances of this class shall become operative ten days after the publication thereof after final passage, unless within said ten days a protest be filed "signed by *taxpayers representing ten per centum in amount of the assessed valuation of such municipality.*"

Lastly, it is contended that the contract for the improvement is invalid because the resolution directing the advertisement for bids (pursuant to which the contract was awarded) was passed before the expiration of ten days after

publication of the ordinance after its final passage, and hence before the ordinance went into effect under the terms of the Home Rule act. But we think that fact does not render the contract invalid where, as here, the date fixed in the advertisement for bids was after the ordinance became operative under the provisions of the Home Rule act. *Darlington* v. *The Commonwealth,* 41 *Pa. St.* 68, 74.

The contract under review will be affirmed, with costs.