CHARLES O. PERRY AND JOSEPH A. REID, PROSECUTORS, v. THE BOROUGH OF DEAL, RESPONDENTS.

Submitted May 14, 1926—Decided January 18, 1927.

The referendum provided for by article 37 of the Home Rule act (*Pamph. L.* 1917, *p.* 461) does not apply to ordinances for the annexation to the municipality of additional territory, such ordinances being governed, so far as referendum thereon is concerned, by the provisions of section 17 of the Walsh act as amended by Pamph. L. 1913, p. 323.

---

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *Durand, Ivins & Carton* and *Waller Taylor*.

For the respondent, *William A. Stevens.*

The opinion of the court was delivered by

CAMPBELL, J.   This writ brings up for review an ordinance, and the proceedings upon the adoption thereof, annexing to the borough of Deal a portion of Ocean township, in the county of Monmouth.

Within ten days from the date of passage of the ordinance a petition, for a referendum election, complying with section 17 of the Walsh act, as amended (*Pamph. L.* 1913, *p.* 323), was presented, and disregarded by the borough council, because it is claimed the only referendum that could be required with respect to such an ordinance is provided for under section 24, article 37 of the Home Rule act. *Pamph. L.* 1917, *p.* 461.

This is the only question before us.

The sole right and authority to annex the territory in question is derived from the Home Rule act. *Pamph. L.* 1917, *p.* 319, *art.* 6.

The referendum under that act is provided for in section 24, article 37, as follows: "Any ordinance authorizing any improvement or the incurring of any indebtedness, excepting for current expenses, shall become operative ten days after the publication thereof after its final passage, unless within said ten days a protest or protests against making such improvement or the incurring of such indebtedness shall be filed   *   *   *   signed by taxpayers representing ten per centum in amount of the assessed valuation of such municipality   *   *   *."

Section 17 of the Walsh act (amendment *Pamph. L.* 1913, *p.* 323) provides that: "No ordinance passed by the board of commissioners   *   *   *   shall go into effect before ten days from the time of its final passage; and if during said ten days a petition signed by electors of the city equal in number to at least fifteen per centum of the entire vote cast at the last preceding general municipal election, protesting

against the passage of such ordinance, be presented  *  *  * the same shall thereupon be suspended from going into operation, and it shall be the duty of the board of commissioners to reconsider such ordinance, and if the same is not entirely repealed, the board of commissioners shall submit the ordinance  *  *  *  to the vote of the electors of the city *  *  *."

It must be conceded, as held in *Wethling* v. *Orange,* 94 *N. J. L.* 36, that section 24 of article 37 of the Home Rule act, *supra,* "covers in detail the subject-matter of the operation, suspension and referendum to the voters, of ordinances of the class with which it deals and is inconsistent with and repugnant to sections 17 and 16b of the Walsh act covering the same subject-matter; and that the former superseded or repealed the latter, *pro tanto,* was decided by this court in *Bayonne* v. *Garvin,* 41 *N. J. L. J.* 269."

Our inquiry must therefore be directed to section 24 of article 37 of the Home Rule act so that we may ascertain whether or not that section, by its terms, covers the class of ordinance now before us, because if it does, then it operates in exclusion of the referendum provisions of the Walsh act and the action of the borough council was proper, while if not, then the provisions of the Walsh act were applicable and the proceedings under review were improper.

Section 24, article 37, Home Rule act, *supra,* is directed only at "any ordinance authorizing any improvement or the incurring of any indebtedness excepting for current expenses *  *  *."

The ordinance in question does not "authorize any improvement." Nowhere in the act is the annexation of territory referred to or in any manner designated as an improvement.

Is it an ordinance "incurring  *  *  *  any indebtedness?" This presents some difficulty, but we think must be answered in the negative.

By its express terms no indebtedness is "incurred" or expenditure of public funds provided for, and it can become an enactment of that character only if we can say that by the annexation of this territory the borough of Deal will be assuming a liability. There is no proof before us that in the

adjustment of the finances as beween the borough of Deal and the township of Ocean as provided for by statute the result would be the assuming of an indebtedness by the borough. But if that were shown, we are of the opinion that the "incurring of any indebtedness" has no reference to such an indebtedness or situation.

Our conclusion is therefore that section 24, article 37, Home Rule act, *supra,* has no reference to, and is not directed at, the class of ordinance before us, and that, therefore, the referendum provisions of the Walsh act are operative and controlling.

The ordinance and proceedings under review are therefore set aside, with costs.