HARRY WEINER, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF PERTH AMBOY AND THE CITY OF PERTH AMBOY, RESPONDENTS.

Submitted October 11, 1929—Decided March 25, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *George J. Miller.*

For the respondents, *Harry S. Medinets.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ of *certiorari* brings up for review an ordinance entitled "An ordinance to provide for the purchase of land, the improvement thereof for park purposes and the temporary financing thereof," passed by the board of commissioners of the city of Perth Amboy on July 3d, 1929.

The prosecutor first contends that the ordinance should be set aside because of the presentation to the city clerk within ten days after the publication of the ordinance of what is claimed to be in legal effect a petition protesting against making such improvement and incurring such in-

debtedness pursuant to section 24, article 37 of the Home Rule act of 1917. *Pamph. L., p.* 461.

But a sufficient answer to such contention is that no such petition was presented as we shall show, and we therefore do not stop to consider whether, had the petition been what it is claimed to be, the prosecutor could have succeeded in *setting aside* the ordinance for that reason in a proceeding such as this.

Sixty-two sheets of the sixty-four of the petition that was presented (and which constitute the petition relied upon) were framed under section 17 of the Walsh act (*Pamph. L.* 1911, *p.* 480, as amended by *Pamph. L.* 1913, *p.* 323) and read as follows:

"To the Board of Commissioners of the City
    of Perth Amboy:

"We, the undersigned, being *electors* of the city of Perth Amboy, do hereby join in a petition protesting against the passage of an ordinance entitled 'An ordinance to provide for the purchase of land, the improvement thereof for park purposes and the temporary financing thereof,' passed on first reading on May 15th, 1929, and require you to suspend the same from going into operation, and we request that you either repeal the said ordinance or submit it to a vote of the people as required by *chapter 221, page 480, paragraph 17 of the laws of 1911, and as amended by the laws of 1913, chapter 179, page 323.*"

Now, section 17 of the Walsh act, under which the petition was framed, has no application to the ordinance in question. That section provides:

"No ordinance * * *, except when otherwise required by the general laws of the state or by the provisions of this act, except an ordinance for the immediate preservation of the public peace, health or safety, * * * shall go into effect before ten days from the time of its final passage; and if during said ten days a petition signed by *electors of the city equal in number to at least fifteen per centum of the entire vote cast at the last preceding general municipal election,* protesting against the passage of such ordinance, be pre-

sented to the board of commissioners, the same shall thereupon be suspended from going into operation, and it shall be the duty of the board of commissioners to reconsider such ordinance; and if the same is not entirely repealed, the board of commissioners shall submit the ordinance * * * to the vote of the electors of the city * * *."

But we held in *Wethling* v. *Orange,* 94 *N. J. L.* 36, that the above-recited section 17 of the Walsh act, in so far as it related to the operation, suspension and referendum to the voters of ordinances authorizing any improvement or the incurring of any indebtedness, was superseded or repealed by section 24, article 37 of the Home Rule act. *Pamph. L.* 1917, *p.* 461. That section provides that "any ordinance authorizing any improvement or the incurring of any indebtedness, excepting for current expenses, shall become operative ten days after the publication thereof after its final passage, unless within said ten days a protest or protests against making such improvement or the incurring of such indebtedness shall be filed in the office of the clerk of such municipality signed by *taxpayers representing ten per centum in amount of the assessed valuation of such municipality,* whose names appear on the last preceding assessment roll thereof, in which case such ordinance shall remain inoperative until a proposition for the ratification thereof shall be adopted at an election * * *."

The prosecutor expressly concedes that section 24, article 37 of the Home Rule act is controlling here and that any effective petition of protest must comply therewith. That the petition in question does not do. The controlling section of the Home Rule act requires that the petition of protest be "signed by *taxpayers* representing ten per centum in amount of the assessed valuation of such municipality." The petition in question reads: "We, the undersigned, being *electors*" and goes on to say: "We request that you either repeal the said ordinance or submit it to a vote of the people *as required by chapter* 221, *page* 480, *paragraph* 17 *of the laws of* 1911, *and as amended by the laws of* 1913, *chapter* 179, *page* 323."

Since, therefore, the petition recites that the signers are *electors* (without any representation that they are taxpayers), and since the statute relied upon in the petition for a referendum is section 17 of the Walsh act (not the Home Rule act), the petition in question was ineffective, and the city clerk properly refused to file it. And this is so notwithstanding the fact (stipulated in this case) that a separate unsigned paper, subsequently made by some undisclosed person, stating merely that the list "showed a total assessed valuation of $6,454,142 of owners listed therein" was presented to the clerk by the attorney of the prosecutor.

Our conclusion therefore is that the refusal of the city clerk to file the petition furnishes no reason for setting aside the ordinance.

The prosecutor next contends that the title of the ordinance is insufficient because—firstly, "the title does not disclose the nature of the ordinance itself, and is therefore unconstitutional;" secondly, "the ordinance attempts to. expend public funds for two unrelated projects in the same ordinance without setting them forth in the title."

The ordinance provides for the purchase and improvement of land on one street of the city, and for the improvement of land already owned on another street, both for "park and recreation purposes." We incline to think that these were related projects the nature of which was disclosed by the title of the ordinance which was "to provide for the purchase of land, the improvement thereof for park purposes." But whether so or not, this contention, which is that the *title* is insufficient to support the ordinance, is ill-founded in law.

The provision of our constitution that "every law shall embrace but one object, and that shall be expressed in the title" (article 4, section 7, paragraph 4), upon which the prosecutor relies, has no application to municipal ordinances. 43 *C. J.* 521, and cases there cited.

Since such provision of the constitution does not apply to ordinances, it follows that no title need precede an ordinance unless there is some charter or statutory provision requiring it. 43 *C. J.* 521, and cases there cited. Here we have no such statutory or charter requirement.

Since in the absence of statute or charter, it is not necessary that an ordinance should have a title, it also follows that if any ordinance is given a title, it does not control the tenor of the enactment. 43 *C. J.* 523, and cases there cited.

We have held that variance of title and subject-matter of an ordinance, if it exists, is not a fatal defect. *Hershoff* v. *Treasurer of Beverly*, 45 *N. J. L.* 288. In that case the title of the ordinance was "to prevent the establishment of tippling houses." The court said: "The ordinance itself goes much further and forbids *any sale* of lager beer, ale or other malt liquor without license. The title is unnecessary, and cannot control the tenor of the enactment." To the same effect are *Loertscher* v. *Jersey City*, 84 *N. J. L.* 537, *538;* and *Smith* v. *Florham Park*, 128 *Atl. Rep.* 479; 3 *N. J. Mis. R.* 355.

We have thus dealt with every question presented and argued, and wish to be understood as not dealing with any other question.

No sufficient reason appearing for setting aside the ordinance in question, the writ of *certiorari* will be dismissed, with costs.