RAYMOND T. BLUM ET AL., PLAINTIFFS, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted October 7, 1941—Decided February 4, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the plaintiffs, *Edward C. Pettit.*

For the defendant, *David T. Wilentz,* Attorney-General.

The opinion of the court was delivered by

PORTER, J. Eight of the prosecutors were appointed as chanceman in the police department and three of the prosecutors were appointed as chanceman in the fire department of the Town of Bloomfield by the Town Council on September 16th, 1940. The appointments were to fill vacancies in the regular police and fire departments. Prior to these appointments, on September 4th, 1940, a petition was filed with the town clerk requesting that the question of the adoption of civil service be submitted to the voters of the town. Such question was submitted at the general election held on November 5th, 1940, and civil service was duly adopted and became effective in pursuance with *N. J. S. A.* 11:20, *et seq.*

The Civil Service Commission, respondent, ruled that the prosecutors were temporary employees pending the holding of open competitive examinations for the positions of patrolman and fireman in the uniformed police and fire departments of the town, and that permanent appointments as chancemen or patrolmen in the police department and chancemen or firemen in the fire department be made from resulting eligible lists of successful applicants. Such examinations were ordered.

This action by the respondent is before us on this writ of *certiorari* for review.

*N. J. S. A.* 11:21-6 (as amended in 1940) provides that all employees of any municipality adopting civil service shall continue to hold their offices or employment within the classified civil service "except such as may be appointed between the time of the filing of the petition for the adoption of this subtitle and the holding the referendum for the adoption thereof in such county, municipality or school district." The quoted words were adopted by the 1940 amendment.

It seems clear that the prosecutors being appointed between the time of the filing of the petition and the election come within the purview of this statute and are therefore not included within the classified civil service upon the adoption of the provisions of that statute. The status of the prosecutors remained unchanged. They were without tenure and the respondent was right in classifying them as temporary employees and to order competitive examinations so as to provide an eligible register from which the positions could be filled.

It is argued by prosecutors that *N. J. S. A.* 11:21-6, *supra,* is not applicable because under the Home Rule Act, *N. J. S. A.* 40:47-5 and 6, they acquired tenure of office during good behavior upon their appointment on September 16th, 1940, and could only be removed for cause. We think there is no merit to this contention. These two statutes are in conflict. They must be construed together being *in pari materia. Newark* v. *Civil Service Commission,* 114 *N. J. L.* 406. Where there is a conflict the latest enactment will control. *Hourigan* v. *North Bergen Township,* 113 *Id.* 143 (at *pp.* 148 and 149).

It follows therefore that the 1940 amendment to the Civil Service Act, *supra,* being the latest enactment is the effective and controlling act. Under it, as we have shown, the prosecutors did not acquire tenure of office.

The writ will be dismissed, with costs.