RAYMOND T. BLUM ET AL., PROSECUTORS-APPELLANTS, v. CIVIL SERVICE COMMISSION, DEFENDANT-RESPONDENT.

Argued May 20, 1942—Decided September 18, 1942.

For the prosecutors-appellants, *Edward C. Pettit* and *William Huck, Jr.*

For the defendant-respondent, *David T. Wilentz* and *Harry A. Walsh.*

The opinion of the court was delivered by

DONGES, J.  This appeal brings up a judgment of the Supreme Court dismissing a *certiorari* allowed to review a determination that certain persons classed as chanceman in the fire department and in the police department of the Town of Bloomfield did not have tenure.  It appears that the town by ordinance provided that chance firemen for temporary service might be appointed and that chancemen in the police department might be appointed, but in the ordinances relating to both departments it is provided that chancemen shall not be regarded as permanent employees and shall not be members of the police department or of the fire department, but the appointments shall be temporary only.

It appears that prior to September 4th, 1940, no steps had been taken to adopt the provisions of the Civil Service

Act, and on that day a petition for the holding of a referendum on the question of the adoption of the Civil Service Act was filed with the clerk. Thereafter on November 5th, 1940, the provisions of the act were adopted. On September 18th, 1940, the appellants were appointed to their respective positions as chance firemen and chance policemen. By chapter 150 of the laws of 1940, approved June 24th, 1940, to take effect immediately, *R. S.* 11:21-6 was amended to provide that any persons who may be appointed between the time of the filing of a petition for the adoption of the provisions of the Civil Service Act and the holding of the referendum shall not be given tenure. The appellants claim that they have tenure under the provisions of the Home Rule Act, *R. S.* 40:47-5/6, but by the terms of *R. S.* 40:47-5 it is provided that those who are permanently employed by the municipality in the police and fire departments shall have tenure during good behavior, &c. So that the employment of the appellants being, by the terms of the ordinance and of their employment, only temporary, they acquire no rights under either the Civil Service Act or the Home Rule Act. Clearly under the Civil Service Act they are excluded, inasmuch as their appointments were made between the filing of the petition and the date of the referendum, and under the Home Rule Act they are excluded because they are not permanent employees.

For the reasons stated, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—COLIE, J. 1.