82 N.J. Super. 64 (1964)
196 A.2d 676
TOWN OF HAMMONTON, ET AL., PLAINTIFFS-APPELLANTS,
v.
CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 18, 1963.
Decided January 3, 1964.
*66 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Samuel A. Donio argued the cause for appellants (Messrs. Curcio & Donio, attorneys).
Miss Marilyn H. Loftus argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. William L. Boyan, Deputy Attorney General, of counsel).
The opinion of the court was delivered by COLLESTER, J.A.D.
The Town of Hammonton and Michael F. DeLaurentis appeal from a determination by the Civil Service Commission that Michael F. DeLaurentis, who was appointed a policeman on October 23, 1961, just prior to the general election of November 7, 1961 when the voters of Hammonton adopted Civil Service, was only a temporary employee and subject to the taking of a Civil Service examination in order to acquire permanent status and tenure.

I.
The facts are not in dispute. On May 22, 1961 a petition for the adoption of Civil Service for the employees of the Town of Hammonton was filed with the town clerk pursuant to N.J.S.A. 11:20-1, which required that the question of adoption be placed on the ballot for consideration by the voters at the next general election.
On October 23, 1961 the mayor and council of Hammonton appointed DeLaurentis a regular patrolman in the police department to be effective November 1, 1961. On the latter date he was accepted as a member of the Police and Firemen's Retirement System of New Jersey.
At the general election of November 7, 1961 the voters of Hammonton adopted Civil Service. Thereafter, the Civil *67 Service Commission conducted a survey and classification of the employees of the town, pursuant to Title 11, and classified DeLaurentis as "patrolman, temporary appointee" in a report filed with the town clerk on October 26, 1962. On November 19, 1962 the town and DeLaurentis requested that the Commission reconsider this classification, and on December 6, 1962 appealed to the Appellate Division from that part of the report of October 26 which classified DeLaurentis as a temporary appointee.
In January 1963 the Commission gave public notice of an examination for patrolman, which examination was held on February 9, 1963. The town and DeLaurentis moved before the Appellate Division on February 11, 1963 to remand the case to the Commission for a hearing and the taking of additional evidence. On April 30, 1963 the motion was denied, and by the same order this court permitted the Commission to promulgate the employment list resulting from the examination but restrained it from certifying eligibles from that list until the final decision or a further order of this court.
The Civil Service Commission urges that since DeLaurentis was appointed between the filing of the petition and the voters' adoption of Civil Service, he was not entitled to tenure. It bases its determination on N.J.S.A. 11:21-6 which provides as follows:
"Hereafter, all officers, clerks and employees in the employ of any county, municipality or school district at the time of the adoption of this subtitle by such county, municipality or school district, coming within the competitive or noncompetitive class of the civil service, except such as may be appointed between the time of the filing of the petition for the adoption of this subtitle and the holding of the referendum for the adoption thereof in such county, municipality or school district, shall continue to hold their offices or employments, and shall not be removed therefrom except in accordance with the provisions contained in this subtitle relative to the removal of persons in the competitive or noncompetitive class, it being the intention hereby to include any and all such officers, clerks, employees and laborers within the classified service of a county, municipality or school district, and to be subject in all respects to the provisions of this subtitle." (Emphasis added)
*68 The Commission asserts that DeLaurentis acquired no tenure by virtue of his appointment and may now qualify for the position only by taking the necessary Civil Service examination and otherwise satisfying the Civil Service requirements.
Appellants contend that on the effective date of his appointment, November 1, 1961, DeLaurentis obtained tenure under the police tenure statutes, R.S. 40:47-5 and N.J.S.A. 40:47-6. These sections provide, in essence, that a permanently employed member of the police department shall hold office during good behavior and not be suspended, removed, fined or reduced from office except for just cause, and then only after charges have been preferred and a public hearing held. Appellants claim it was the intention of the mayor and council to appoint DeLaurentis to a permanent position, and in fact he was accepted as a member of the Police and Firemen's Retirement System on November 1. Therefore, they urge, he acquired a right to his position which could not be divested by the subsequent adoption of Civil Service. Appellants also assert that R.S. 11:22-24 provides that DeLaurentis' rights under R.S. 40:47-5 and N.J.S.A. 40:47-6 will not be divested by the Civil Service statutes. R.S. 11:22-24 states as follows:
"Nothing contained in this subtitle shall alter, amend, change or affect any law of the state respecting the police or fire departments in any municipality or regulating the tenure and terms of officers or employees in such departments, nor denying an officer or employee of police or fire departments the right of an appeal to the commission in the manner as herein provided, nor limit, amend or repeal the provisions of section 11:22-6 of this title as to probationers."

II.
On its face N.J.S.A. 11:21-6 plainly conflicts with R.S. 40:47-5 and N.J.S.A. 40:47-6. R.S. 40:47-5 has not been amended since 1935; N.J.S.A. 40:47-6 has existed in substantially the same form since 1935, the 1947 amendment thereto altering the procedural provisions only. N.J.S.A. 11:21-6 was amended in 1940 to include the provision *69 which excepts from Civil Service protection employees who were appointed between the filing of the petition and the adoption of Civil Service. The question is whether the later enactment of the exception clause in N.J.S.A. 11:21-6 supersedes the earlier provisions of R.S. 40:47-5 and N.J.S.A. 40:47-6.
This conflict was before the courts in Blum v. Civil Service Commission, 128 N.J.L. 30 (Sup. Ct. 1942), affirmed 129 N.J.L. 75 (E. & A. 1942). In that case, during the interval between the filing of a petition for Civil Service and its adoption by the voters, certain persons were appointed to the police and fire departments of Bloomfield as chancemen. Although it has been held as settled law in this State that chancemen are regular members of a police department and not temporary employees, Seire v. Police and Fire Pension Commission of Orange, 6 N.J. 586, 590 (1951), it appears that the town in Blum, supra, expressly provided by ordinance that chancemen would be regarded as temporary rather than permanent employees.
The former Supreme Court found that the appointees did not acquire tenure because of the operation of N.J.S.A. 11:21-6, holding that where there is a conflict in the statutes the later enactment will control. Blum v. Civil Service Commission, supra, 128 N.J.L., at page 32. On appeal the decision was affirmed, but appellants here urge that the affirmance was based only on the town's classification of the chancemen as "temporary" when appointed. We do not agree with such a contention. The Court of Errors and Appeals ruled that the chancemen acquired no tenure for two reasons, each of which, standing alone, would have been sufficient to sustain the conclusion. The court said:
"Clearly under the Civil Service Act they are excluded, inasmuch as their appointments were made between the filing of the petition and the date of the referendum, and under the Home Rule Act they are excluded because they are not permanent employees." (129 N.J.L., at page 76 emphasis added)
*70 The rationale of the former Supreme Court which was not disavowed by the Court of Errors and Appeals, that the later of the conflicting statutes would control, is dispositive of this question before us.
This point is further supported in DeStefano v. Civil Service Commission, 130 N.J.L. 267 (E. & A. 1943), where the court considered the question of whether the rights of certain chancemen, concededly regular members of the Rahway police force, were infringed upon by the Civil Service Commission's decision to hold a competitive examination for the position of patrolman open to all citizens, rather than limiting the examination to persons then having the title of chanceman. One of the arguments advanced by the chancemen was that they possessed "vested rights" under R.S. 40:47-5 and N.J.S.A. 40:47-6, in answer to which the court said:
"* * * The point is obviously untenable. It suffices to say that the cited statutes are general in their application; and that, in so far as there is inconsistency, the provisions of the Civil Service Law prevail. * * *" (at page 270)

III.
Our conclusion is strengthened by a review of the history and purpose of Civil Service legislation. In construing statutory provisions, since words are inexact tools at best, resort may freely be had to the pertinent legislative history for aid in ascertaining the true sense and meaning of the language used. Lloyd v. Vermeulen, 22 N.J. 200, 206 (1956).
In its original enactment the Legislature provided that appointments to and promotions in the Civil Service of a municipality which adopts Civil Service "shall be made only according to merit and fitness, to be ascertained, as far as practicable, by examinations, which as far as practicable shall be competitive." L. 1908, c. 156; R.S. 11:21-3. As respondent's very informative brief indicates, local authorities may tend to view the advent of Civil Service as a threat *71 to the established order. Subsequent amendments to the Civil Service laws were aimed at limiting the opportunities of those in authority to subvert the objectives of the act through the dismissal of uncooperative employees and the "midnight" appointment of spoils system favorites.
Initially the provisions of the Civil Service Act were to take effect 45 days after its adoption by a municipality. L. 1908, c. 156, § 1. A 1915 amendment, L. 1915, c. 20, provided that during this 45-day interim all appointments would be temporary, pending classification by the Commission, examination, and the creation of eligible lists. R.S. 11:21-5. A 1917 amendment, L. 1917, c. 147, provided that the removal of an employee during the said 45-day interim would be subject to Civil Service Laws. R.S. 11:21-7. Thus, provisions were made to prevent the undermining of the statute from the time of voter approval until its effective date. Finally, the 1937 revision of the statutes completely eliminated the requirement of the 45-day interim after voter approval.
However, there remained the possibility that, prior to the adoption of Civil Service by the voters, authorities would exert pressure on uncooperative employees or make appointments to subvert the act. As a partial remedy the Legislature adopted L. 1940, c. 150, providing that appointments made between the filing of the petition and the adoption by referendum would not be covered in by the subsequent adoption of Civil Service. This is the exception clause in N.J.S.A. 11:21-6. The power to dismiss during this interval remained in the hands of the incumbent authorities, but the possibility of abuse was reduced since any "midnight" replacements could not acquire tenure.
The march of this legislation has now reached the point that even appointments made prior to the referendum are limited in their effect pending the outcome of the election. The Legislature has expressed its intention to protect the community, should it then approve Civil Service, by a law which appellants here seek to by-pass. We perceive no legislative intention to grant them special rights in this regard.
*72 There remains one illuminating addition to the legislative history outlined above. By a 1948 amendment, L. 1948, c. 257, N.J.S.A. 11:21-5.1, the Legislature specifically provided that police and firemen "heretofore appointed" in the interval between the filing of a petition and the adoption of Civil Service would continue to hold office as fully as if appointed under Civil Service. This is precisely the relief which appellants are seeking, yet it is clear, as both parties agree, that this section applies only to appointments made prior to its enactment in 1948. This indicates that the Legislature recognized the effect which the 1940 amendment to R.S. 11:21-6 would have on police or firemen appointed during the interval between the time of filing the petition for adoption of Civil Service and the holding of the referendum. It further suggests that if the Legislature found it appropriate to adopt the statute to avoid the effect of R.S. 11:21-6, as amended, only for those "heretofore appointed," it intended that those appointed after July 21, 1948 (the effective date of L. 1948, c. 257) be subject to the full extent of R.S. 11:21-6, as amended.

IV.
Appellants' second point is that R.S. 11:22-24, quoted above, preserves the tenure rights of police and firemen under R.S. 40:47-5 and N.J.S.A. 40:47-6. R.S. 11:22-24 provides that:
"Nothing contained in this subtitle shall alter, amend, change or affect any law of the state respecting the police or fire departments * * *." (Emphasis added)
The word "subtitle" has a more limited scope than is immediately apparent, and refers only to certain sections of Subtitle 3 of Title 11, which subtitle deals with counties, municipalities and school districts. The language of R.S. 11:22-24 stems from L. 1917, c. 236. The phrase "in this subtitle," as it presently appears in R.S. 11:22-24, is the successor to the original phrase, "in this act," L. 1917, c. 236.
*73 The only function of L. 1917, c. 236, was to amend section 24 of the original Civil Service Act, L. 1908, c. 156, § 24. Section 24 established certain disciplinary procedures for all Civil Service employees, without exception. In 1917 the Legislature adopted the "Home Rule Act," L. 1917, c. 152, including Art. XVI, § 3 and § 5, and Art. XVII, § 3 and § 5 which were the predecessors of R.S. 40:47-5 and N.J.S.A. 40:47-6. These sections provided certain disciplinary procedures for police and firemen in particular, affording them a hearing at the municipal level. The Legislature further provided, Art. XXXVII, § 25 (now R.S. 40:46-12), that nothing contained in L. 1917, c. 152, would make void or change any provision of the Civil Service Act of 1908.
Two days later L. 1917, c. 236, was approved, amending section 24 of the 1908 act to provide an appeal de novo to the Civil Service Commission for disciplined Civil Service employees, without providing for a hearing at the municipal level. However, the Legislature included a paragraph in c. 236 (now R.S. 11:22-24) to preserve the rights of a municipal hearing for police and firemen which were afforded them under L. 1917, c. 152.
In the 1937 revision of the statutes, L. 1917, c. 236, was recast as various provisions of Title 11, Civil Service, namely, R.S. 11:22-11, 23, 24, 38, 39, 40, 46, 47. The saving clause of the present R.S. 11:22-24 refers only to these sections of the present law.
The rearrangement of statutes in the 1937 revision did not alter their effect, and there is a presumption against a legislative intent to effect a change in substance by a revision of the general laws. A mere change in phraseology does not of necessity overcome this presumption. Murphy v. Zink, 136 N.J.L. 235, 245 (Sup. Ct. 1947), affirmed 136 N.J.L. 635 (E. & A. 1948). In a collection of statutes, a proviso which might, by its terms, seem to extend to the whole statute will be confined to that portion of the statute from which it was derived, consistent with the intent of the Legislature. *74 In the matter of Thomas Murphy, 23 N.J.L. 180, 183, 192 (Sup. Ct. 1851).
The clear wording of N.J.S.A. 11:21-6 expresses a legislative intent to deny tenure rights to municipal employees appointed between the filing of the petition for the adoption of Civil Service and the holding of the referendum for the adoption thereof. R.S. 11:22-24, limited as it is by the particulars of its enactment and subsequent history, neither supersedes nor evidences a legislative purpose contrary to that of N.J.S.A. 11:21-6.

V.
Finally, appellants contend that under the Commission's ruling, a person appointed during the interval would have no protection, whether Civil Service is adopted or not. Such is not the case. There can be no conflict between the statutes until Civil Service is adopted. Prior to the adoption of Civil Service by referendum it may be said that an interim appointee is vested with tenure rights under R.S. 40:47-5 and N.J.S.A. 40:47-6, which rights are subject to defeasance in the event Title 11 is adopted at the next general or municipal election. Cf. Wildwood v. Neiman, 44 N.J. Super. 209 (App. Div. 1957).
The determination of the Civil Service Commission is affirmed.