37 A.3d 528 (2012)
424 N.J. Super. 242
In re Petition for Referendum to Repeal Ordinance 2010-27 of the CITY OF MARGATE CITY, Atlantic County, State of New Jersey.
John Steven Woerner, Anne Pancoast and Maureen P. Dougherty, Plaintiffs-Appellants,
v.
Thomas D. Hiltner, City Clerk, the City of Margate City And Commissioners of the City of Margate City, Defendants-Respondents.
No. A-2475-10T1
Superior Court of New Jersey, Appellate Division.
Argued October 17, 2011.
Decided February 14, 2012.
Christian M. Scheuerman, Atlantic City, argued the cause for appellants (The Benari Law Firm and Maureen P. Dougherty, Margate City, attorneys; Mr. Scheuerman and Ms. Dougherty, on the brief).
John Scott Abbott argued the cause for respondents.
Before Judges PARRILLO, GRALL and SKILLMAN.
The opinion of the court was delivered by
SKILLMAN, J.A.D. (retired and temporarily assigned on recall).
The issue presented by this appeal is whether the provision of the Home Rule Act, N.J.S.A. 40:49-27, which establishes the right to a public referendum regarding any ordinance authorizing the incurring of an indebtedness, applies to a municipality organized under the Walsh Act, N.J.S.A. 40:70-1 to N.J.S.A. 40:76-27. The trial court concluded that a 1937 revision to the Walsh Act excludes municipalities organized under that Act from the Home Rule Act referendum provision. We conclude that the trial court misinterpreted this 1937 revision and that the residents of a municipality organized under the Walsh Act enjoy the same right as the residents of any other municipality to petition for a referendum regarding an ordinance authorizing the incurring of an indebtedness.

*529 I.
In September 2010, the governing body of Margate City adopted an ordinance authorizing renovations, additions and improvements to a municipal fire station. The estimated cost of this project is $2,300,000. The ordinance provided that the project would be funded by a $115,000 down payment from the City's capital improvement fund and that the balance would be paid from a bond issue in an aggregate amount not to exceed $2,185,000.
Shortly after adoption of this ordinance, a group of Margate City residents, including plaintiffs, filed a petition for a referendum on the proposed bond issue. The petition was based on a section of the Home Rule Act, N.J.S.A. 40:49-27, which establishes a right to a public referendum regarding any ordinance authorizing the incurring of an indebtedness. The Clerk of Margate City determined that the petition contained a sufficient number of valid signatures by registered voters to require a referendum under this section. However, the City Solicitor advised the Clerk that the referendum provision of N.J.S.A. 40:49-27 does not apply to Margate City because it is incorporated under the Walsh Act. The Walsh Act contains a separate referendum provision, N.J.S.A. 40:74-5, which excludes "ordinances authorizing an improvement or the incurring of an indebtedness" from the voter referendum provisions of that Act. Based on this legal advice, the City Clerk rejected the petition.
Plaintiffs brought this action in lieu of prerogative writs challenging the rejection of their petition. The parties agreed that the case presents purely a question of law, which was brought before the trial court for decision by cross-motions for summary judgment.
The trial court concluded in a written decision that the case was controlled by N.J.S.A. 40:74-5, and that this provision exempts municipalities organized under the Walsh Act from the section of the Home Rule Act, N.J.S.A. 40:49-27, which establishes the right of residents to petition for a referendum regarding any ordinance authorizing the incurring of an indebtedness. Plaintiffs appeal from the final judgment memorializing this decision.

II.
N.J.S.A. 40:74-5 was part of the original Walsh Act, which was enacted in 1911. L. 1911, c. 221, § 17. This section then provided that an ordinance would be suspended from going into effect if a petition protesting the ordinance signed by fifteen percent of the number of voters at the last general election was presented within ten days of its passage, and if the commissioners did not repeal the ordinance, it had to be submitted to a referendum. Although this section of the original Walsh Act included limited exceptions to the kind of ordinance that could be subject to a referendum, none of those exceptions applied to ordinances authorizing the incurring of indebtedness. Thus, such an ordinance was subject to a public referendum under the original Walsh Act.
The Home Rule Act, which applies to every municipality in the State regardless of the form of government under which it operates, was enacted in 1917. L. 1917, c. 152. The Home Rule Act included a section, which was the predecessor to the current N.J.S.A. 40:49-27, that specifically provided for a right to a public referendum with respect to any ordinance "authorizing... any improvement or the incurring of any indebtedness." L. 1917, c. 152, § 24.[1] *530 The right to a referendum under this section was triggered by a petition signed by "taxpayers representing ten per centum in amount of the assessed valuation of such municipality." Ibid. This conflicted with the Walsh Act, which provided for a public referendum upon a petition signed by fifteen percent of the number of voters at the last general municipal election. L. 1911, c. 221, § 17.[2]
In Wethling v. Board of Commissioners of the City of Orange, 94 N.J.L. 36, 110 A. 133 (Sup.Ct.1920), the court was confronted with an issue similar to the one presented by this appeal: whether a petition for a public referendum regarding an ordinance authorizing the incurring of an indebtedness was governed by the Walsh Act or the Home Rule Act. The court concluded that the original version of N.J.S.A. 40:74-5, which dealt generally with a petition for a public referendum regarding any ordinance, had been "superseded or repealed" by the predecessor to N.J.S.A. 40:49-27, which dealt specifically with a petition for a public referendum regarding an ordinance authorizing the incurring of an indebtedness. 94 N.J.L. at 38-39, 110 A. 133. Based on this conclusion, the residents of a Walsh Act municipality could petition for a referendum regarding an ordinance authorizing the issuance of bonds, but only if they obtained the number of signatures on the petition specified in the Home Rule Act; that is, the signatures of taxpayers representing ten percent of "the amount of the assessed valuation" of property in the municipality. L. 1917, c. 152, § 24.
It is undisputed that this holding in Wethling continued to be the governing law in New Jersey for the following seventeen years. See Perry v. Borough of Deal, 103 N.J.L. 310, 312, 135 A. 788 (Sup.Ct.), aff'd o.b., 104 N.J.L. 182, 138 A. 922 (E. & A.1927); Weiner v. City of Perth Amboy, 106 N.J.L. 276, 278-80, 149 A. 540 (Sup.Ct. 1930). The question presented by this appeal is whether, as a result of the 1937 revision of the New Jersey statutes, N.J.S.A. 40:74-5 now prevails over the referendum provisions of N.J.S.A. 40:49-27 dealing with a petition for a public referendum regarding an ordinance authorizing the incurring of an indebtedness, and specifically prohibits a public referendum regarding such an ordinance.
N.J.S.A. 40:74-5, as revised in 1937 with the new language added by that revision underscored, provided in pertinent part:
If within ten days after the final passage of an ordinance, except ordinances authorizing an improvement or the incurring of an indebtedness, other than for current expenses, where other requirements are made by law, a petition signed by electors of the municipality equal in number to at least fifteen per cent of the entire vote cast at the last preceding general municipal election protesting against the passage of such ordinance, be presented to the board, it shall thereupon be suspended from going into operation and the board of commissioners shall reconsider the ordinance. If the ordinance is not entirely *531 repealed, the board shall submit it ... to the vote of the electors of the municipality, either at the general election or at a special municipal election to be called for that purpose, and such ordinance shall not become operative unless a majority of the qualified electors voting on the ordinance shall vote in favor thereof.
[L. 1937, c. 188 (R.S. 40:74-5) (emphasis added).]
Although there have been subsequent amendments to N.J.S.A. 40:74-5, the language added by the 1937 revision has remained the same.
If the 1937 revision to N.J.S.A. 40:74-5 had simply added the words, "except ordinances authorizing an improvement or the incurring of indebtedness," it could reasonably be construed to exempt such ordinances from the referendum provisions of both that section and N.J.S.A. 40:49-27 of the Home Rule Act. However, the new language the 1937 revision added to N.J.S.A. 40:74-5 also included the phrase "where other requirements are made by law." The interpretation of the 1937 revision of N.J.S.A. 40:74-5 urged by Margate City, and adopted by the trial court, fails to ascribe any significance to this phrase.
In interpreting a statute, a court must "endeavor to give meaning to all words and to avoid an interpretation that reduces specific language to mere surplusage." DKM Residential Props. Corp. v. Twp. of Montgomery, 182 N.J. 296, 307, 865 A.2d 649 (2005). The question, therefore, is whether there is any meaning that can be reasonably ascribed to the phrase, "where other requirements are made by law," following the exception from the referendum provision of N.J.S.A. 40:74-5 for "ordinances authorizing an improvement or the incurring of an indebtedness" added by the 1937 revision.
When this revision was enacted, the "law" applicable to a petition for a public referendum regarding an "ordinance[] authorizing an improvement or the incurring of an indebtedness" in a municipality organized under the Walsh Act was the court's holding in Wethling that such a referendum was not governed by N.J.S.A. 40:74-5 but rather by the referendum provisions of the Home Rule Act set forth in the predecessor to N.J.S.A. 40:49-27. Thus, the qualification of the exception from the referendum provision of N.J.S.A. 40:74-5 for "ordinances authorizing an improvement or the incurring of an indebtedness" with the phrase "where other requirements are made by law" can be reasonably construed as simply a codification of the holding in Wethling: that ordinances authorizing the incurring of an indebtedness are not subject to the referendum provisions of N.J.S.A. 40:74-5 of the Walsh Act but are instead subject to the referendum provision of the predecessor to N.J.S.A. 40:49-27 of the Home Rule Act. This intent would have been even clearer if the drafters of the 1937 revision had used the word "because" rather than "where" in this phrase. However, we believe that the only reasonable intent that can be ascribed to the Legislature in describing "ordinances authorizing an improvement or the incurring of an indebtedness" as ordinances "where other requirements are made by law" was to adopt the court's holding in Wethling that such ordinances are subject to the referendum provisions of the Home Rule Act.
This interpretation of the 1937 revision also explains the inclusion of the phrase "other than for current expenses" between the phrases "except ordinances authorizing an improvement or the incurring of an indebtedness" and "where other requirements are made by law." If the first phrase of the 1937 revision had been intended to abolish the right to petition for a *532 referendum regarding ordinances authorizing the incurring of an indebtedness, the following phrase, "other than for current expenses," could be construed to create an exception to this abolition of the right of referendum. That would be the exact opposite of what is provided by N.J.S.A. 40:49-27, which establishes a right to petition for a referendum with respect to "[a]ny ordinance authorizing the incurring of any indebtedness," but excludes ordinances authorizing an indebtedness for "current expenses" from this right. However, under our interpretation of the 1937 revision, under which the phrase "where other requirements are made by law" is construed to mean that petitions for public referenda regarding an ordinance authorizing the incurring of an indebtedness continue to be governed by N.J.S.A. 40:49-27, the phrase "other than for current expenses" in N.J.S.A. 40:74-5 as revised in 1937 simply mirrors the language of N.J.S.A. 40:49-27, which excludes ordinances authorizing the incurring of an indebtedness for current expenses from the referendum provision of that section.
Our conclusion that the language added to N.J.S.A. 40:74-5 in 1937 should be construed as simply a codification of Wethling, rather than as abolishing the right to public referendum regarding ordinances authorizing the incurring of indebtedness in Walsh Act municipalities, is also supported by the fact that this language was added as part of a general revision of the New Jersey statutes, rather than by a specific amendment of N.J.S.A. 40:74-5. L. 1937, c. 188.[3] "[T]here is a presumption against a legislative intent to effect a change in substance by a revision of the general laws." Town of Hammonton v. Civil Serv. Comm'n, 82 N.J.Super. 64, 73, 196 A.2d 676 (App.Div.1964). Moreover, the report of the legislative commission that resulted in enactment of the 1937 revision of the New Jersey statutes specifically stated that "[t]he commissioners and those working with them have attempted to avoid any change in substantive law." Report of The Commission on Revision and Consolidation of the Public Statutes (1937) at 9. This report also noted that "[i]f the legislation has been construed by the courts the construction placed upon the legislation by the courts has been carried into the revision, and so the revision upon its face may appear to be different from the old statute." Ibid. "[T]he construction placed upon [N.J.S.A. 40:74-5] by the courts" before 1937 was Wethling and its progeny, which had construed this section to have been "superseded or repealed" by the predecessor to N.J.S.A. 40:49-27 as applied to any petition for a public referendum regarding an ordinance authorizing the incurring of an indebtedness. Therefore, the evident intent of the 1937 revision of N.J.S.A. 40:74-5 was simply to "carr[y] [this judicial construction] into the revision."
We also note that when Wethling was decided and the 1937 revision to N.J.S.A. 40:74-5 was enacted, there were significant differences between the signatures required to obtain a referendum under that section and under N.J.S.A. 40:49-27. N.J.S.A. 40:74-5 required the signatures of voters equal to fifteen percent of the number of votes cast in the last preceding general election while the predecessor to N.J.S.A. 40:49-27 required the signatures of taxpayers representing ten percent of the assessed valuation of the municipality.[4] *533 Thus, the evident intent of the 1937 revision was to preserve the applicability of the Home Rule Act requirements for obtaining a referendum regarding an ordinance authorizing the incurring of an indebtedness rather than to completely abolish the right of municipal residents to petition for a public referendum regarding such ordinances.
Our conclusion that the 1937 revision to N.J.S.A. 40:74-5 was intended to codify the Wethling holding that a petition for a referendum regarding an ordinance authorizing the incurring of an indebtedness is governed by N.J.S.A. 40:49-27, rather than to abolish the right to petition for a referendum with respect to such an ordinance, is also supported by the principle that referendum provisions, which "foster[] citizens' involvement in the political affairs of the community[,]" should be "liberally construed." In re Ordinance 04-75, 192 N.J. 446, 459, 931 A.2d 595 (2007); see also 5 McQuillan on Municipal Corporations § 16.50 (3rd rev. ed.1990). Therefore, a court will construe a statute establishing a right to a public referendum to apply unless there is a "clear and unequivocal" expression of a legislative intent "to carve out ... a particular type of ordinance" from this part of the democratic process. In re Trenton Ordinance 09-02, 201 N.J. 349, 362, 990 A.2d 1109 (2010).
A court should be especially reluctant to restrictively construe a statute that establishes a right to a public referendum regarding an ordinance authorizing the incurring of an indebtedness. The New Jersey Constitution recognizes that there is a particularly strong need for public participation, in the form of a referendum, in a legislative decision to incur indebtedness. Article 8, section 2, paragraph 3, of our Constitution, commonly referred to as the Debt Limitation Clause, see Lonegan v. State, 174 N.J. 435, 438, 809 A.2d 91 (2002), provides that a statute authorizing state indebtedness "shall [not] take effect until it has been submitted to the people at a general election and approved by a majority of the legally qualified voters of the State voting thereon."[5] Although the Home Rule Act does not include a provision comparable to the Debt Limitation Clause, which requires a public referendum before the State may incur an indebtedness even without a petition seeking such a vote, the public policy favoring voter participation in a legislative decision to incur indebtedness reflected in the Debt Limitation Clause strongly militates against any reading of the statutes governing municipal corporations that would deprive the voters of a municipality organized under a particular form of government from petitioning for a referendum regarding an ordinance authorizing the incurring of an indebtedness. This public policy provides further support for our conclusion that the 1937 revision to N.J.S.A. 40:74-5 should be construed to codify the holding of Wethling that the referendum provisions of the Home *534 Rule Act govern a petition for a public referendum regarding an ordinance authorizing an indebtedness in a municipality organized under the Walsh Act.
Accordingly, we reverse the final judgment in defendant's favor and direct Margate City to schedule a referendum regarding the ordinance authorizing the incurring of a $2,185,000 indebtedness for a new fire station in accordance with N.J.S.A. 40:49-27 and the other applicable provisions of the Home Rule Act.
NOTES
[1] Although the original form of this section applied not only to any ordinance authorizing the incurring of an indebtedness but also any ordinance authorizing an improvement, the 1937 revision of the New Jersey statutes separated this original provision into two separate sections: N.J.S.A. 40:49-27, dealing with ordinances authorizing the incurring of an indebtedness, and N.J.S.A. 40:49-9, dealing with ordinances authorizing improvements. L. 1937, c. 188, (R.S. 40:49-9; R.S. 40:49-27). In this appeal, plaintiffs rely solely upon N.J.S.A. 40:49-27.
[2] N.J.S.A. 40:74-5 now requires a petition signed by fifteen percent of the residents who voted at "the last preceding general election at which members of the General Assembly were elected."
[3] Pursuant to the direction of chapter 189 of the Laws of 1937, the revised statutes were published in a separate five-volume publication, entitled Revised Statutes of New Jersey (1937), and are not contained in the Public Laws of 1937.
[4] This significant difference between the signature requirements of N.J.S.A. 40:74-5 and N.J.S.A. 40:49-27 was eliminated by a 1986 amendment to N.J.S.A. 40:49-27, under which a petition for a public referendum now must be signed by registered voters equal in number to at least fifteen percent of the number of votes cast in the municipality at the most recent general election at which members of the General Assembly were elected, L. 1986, c. 69, § 1, which is the same signature requirement provided in N.J.S.A. 40:74-5.
[5] This referendum provision only applies if the indebtedness authorized by a statute will exceed, "together with any previous debts or liabilities[,] ... one per centum of the total amount appropriated by the general appropriations law for that fiscal year." This State's accumulated bonded indebtedness has far exceeded one percent of annual appropriations for many years, so any law authorizing additional indebtedness must now be submitted to a referendum.